PHILADELPHIA DAIRY PRODUCTS COMPANY, Employer-Appellant, v. THOMAS W. FARRAN, Employee-Appellee.

*(January* 16, 1948.)

PEARSON and LAYTON, J. J., sitting.

*William Bennethum* (of Marvel and Morford) for appellant.

*William E. Taylor, Jr., Herbert W. Warburton* and *Robert H. Wahl* for appellee.

Superior Court for New Castle County, November Term, 1947.

LAYTON, J., delivering the opinion of the Court:

The Industrial Accident Board found among other facts that Farran suffered a heart attack as the result of carrying ice cream cans into a store in Millville, New Jersey, in the course of his employment, and that the lifting and delivering of the cans was not part of his regular duties, but called for unusual exertion as the result of an emergency. We have examined the record and are of the opinion that the evidence supports the facts found by the Board. Accordingly, the findings of the Board are to be accepted as controlling here. *Le Tourneau v. Consolidated Fisheries Co.*, 4 *Terry* 540, 51 *A*. 2d 862, 867; *Children's Bureau v. Nissen*, 3 *Terry* 209, 29 *A*. 2d 603, 609.

The Delaware Workmen's Compensation Act, Chapter 175, Sec. 2, Revised Code of Delaware 1935, § 6072, provides for the recovery of "* * * damages for personal injury sustained by an employee by accident arising out of and in the course of his employment * * *". Section 44 of the Act further defines the terms "injury" and "personal injury" to mean "* * * violence to the physical structure of the body such disease or infection as naturally results directly therefrom when reasonably treated and compensable occupational diseases, as are hereinafter defined, arising out of and in the course of the employment." Rev. Code 1935, § 6114, as amended by 41 Del. Laws, c. 241.

██ The precise question for determination here is whether a heart attack (coronary thrombosis) found to have been precipitated by unusual and severe effort arising out of an emergency in the course of employment constitutes a "personal injury * * * by accident" within the meaning of the Delaware Workmen's Compensation Act, notwithstanding clear evidence of the existence of heart disease prior to the injury complained of.

An accident has been frequently defined as "* * * an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen." *Lacey v. Washburn & Williams Co.,* 309 *Pa.* 574, 164 *A.* 724, 725. Compare *Hendricson v. Continental Fibre Co.,* 3 *W. W. Harr.* (33 *Del.*) 304, 136 *A.* 375. We conclude that in this case the injury was the unexpected, sudden and unforeseeable consequence of a known cause. In such instances the authorities are uniform in holding that the injury is compensable. *Balaban v. Severe,* 157 *Pa. Super.* 463, 43 *A.* 2d 543; *Donlan's Case,* 317 *Mass.* 291, 58 *N. E.* 2d 4; *Lockwood v. Parker,* 132 *N. J. Misc.* 482, 41 *A.* 2d 204; *Brown v. Minneapolis Board of Fire Underwriters,* 210 *Minn.* 529, 299 *N. W.* 14. See also Workmen's Compensation Text, Schneider, Vol. 4, Sec. 1332 and cases therein cited. In each of the cases cited an employee suffering from a preexisting heart condition was disabled as the result of severe strain resulting from unusual efforts in the course of his employment. Whether such an injury occurring during the performance of the normal and usual duties of employment, and not, as here, from unusual efforts in an emergency, would be compensable under the Delaware Act is not decided.

The judgment of the Industrial Accident Board is sustained.