GRAY'S HATCHERY & POULTRY FARMS, INC., Employer, Appellant,
v. RAYMOND STEVENS, Claimant, Appellee.

(*August* 15, 1950.)

LAYTON, J., sitting.

*William H. Bennethum* for Appellant.

*Robert W. Tunnell* for Appellee.

Superior Court for Sussex County, No. 169, Civil Action,
1949.

LAYTON, J.:

On October 18th, 1948, Raymond Stevens was unloading
crates of eggs, weighing about fifty pounds each. He was in good
health and had been doing the kind of work described for some
months. On the day in question he was, as usual, unloading egg
crates from a truck which required sliding the crate back onto
the tail of the truck, then lifting and turning to place the crate
on the ground. While lifting such a crate something in his back
snapped, accompanied by severe pain and he dropped the crate

and fell upon it. He asked for a doctor. Thereafter, for some months he underwent medical treatment of various sorts but it was not until February 15, 1949, that an examination by an orthopedic surgeon revealed that he had suffered a ruptured intervertebral disc. He was unable to work after suffering the described strain. After a hearing, the Industrial Accident Board found that Stevens had received a ruptured intervertebral disc while lifting egg crates in the usual course of his employment on October 18th, 1948, and that the resulting injury was a compensable accident within the meaning of section 6072, c. 175, Sec. 2, of the *Revised Code of Delaware* 1935, which permits recovery for damages "* * * for personal injury sustained by an employee by accident arising out of and in the course of his employment * * *."

In *Philadelphia Dairy Products Co. v. Farran*, 5 *Terry* 380, 57 *A.* 2d 88, affirmed 5 *Terry* 437, 61 *A.* 2d 402, Judge Pearson and I held that an employee suffering from a pre-existing heart condition and disabled as the result of severe strain resulting from unusual efforts outside the scope of his usual employment had sustained a compensable accident within the meaning of the Delaware Workmen's Compensation Law. Whether or not such an injury occurring during the performance of the normal and usual duties of employment would be compensable was left for future determination. That question[1] is now presented by this appeal.

The English Workmen's Compensation Act, as well as those of a large number of the states in this country, including Delaware, define a compensable injury as a "personal injury by accident". Perhaps the leading English authority bearing on cases involving internal injuries incurred during a normal act of employment, is *Fenton v. Thorley & Co.*, (1903) *A. C.* 443, where an employee ruptured himself in attempting to turn a wheel which had become stuck. In holding that the resulting

---

[1] Except for the fact that appellee, here, had no pre-existing back injury

injury was a compensable accident within the meaning of the Act, Lord MacNaghten had this to say:

"It does seem to me extraordinary that anybody should suppose that when the advantage of insurance against accident at their Employers' expense was being conferred on workmen, Parliament could have intended to exclude from the benefit of the Act some injuries ordinarily described as 'accidents' which beyond all others merit favorable consideration in the interest of workmen and employers alike. A man injures himself by doing some stupid thing, and it is called an accident, and he gets the benefit of the insurance. It may even be his own fault and yet compensation is not to be disallowed unless the injury is attributable to 'serious and wilful misconduct' on his part. A man injures himself suddenly and unexpectedly by throwing all his might and all his strength and all his energy into his work by doing his very best and utmost for his employer, not sparing himself or taking thought of what may come upon him, and then he is told that his case is outside the Act because he exerted himself deliberately, and there was an entire lack of fortuitous element I cannot think that that is right."

According to *Am. Jur., Workmen's Compensation*, Vol. 58, Sec. 255, the decided weight of authority in this country is to the effect that an employee rupturing or otherwise straining himself while in the usual course of his employment has suffered a compensable accident. And the decisions, when examined, fully support the proposition. *Carroll v. Industrial Commission*, 69 *Colo.* 473, 195 *P.* 1097, 19 *A. L. R.* 107; *Baggot Co. v. Industrial Commission*, 290 *Ill.* 530, 125 *N. E.* 254, 7 *A. L. R.* 1611; *Patrick v. J. B. Ham Co.*, 119 *Me.* 510, 111 *A.* 912, 13 *A. L. R.* 427; *Giguere v. E. B. & A. C. Whiting Co.*, 107 *Vt.* 151, 177 *A.* 313, 98 *A. L. R.* 196; *Poccardi v. Public Service Commission*, 75 *W. Va.* 542, 84 *S. E.* 242, *L. R. A.* 1916A, 299; *Bystrom Bros. v. Jacobson*, 162 *Wis.* 180, 155 *N. W.* 919, *L. R. A.* 1916 D, 966; *The Drafting of Workmen's Compensation Acts*, 25 *Har. Law Rev.* 328. *Giguere v. E. B. & A. C. Whiting Co.*,

*supra,* contains a particularly thorough review of the authorities, both English and American, dealing with the subject. It is aptly said in some of the cases that it is just as much an accident when a man suddenly breaks down as where there is a like mishap to the machine he is operating. *Guay v. Brown Co.,* 83 *N. H.* 392, 142 *A.* 697, 60 *A. L. R.* 1284.

However, in cases of this sort the most compelling reasons exist for requiring that the evidence clearly establish that the injury happened at a fixed time and place and was attributable to a clearly traceable incident of the employment. Otherwise, the causal connection between the application of force and the resulting internal injury would be rendered vague and the element of unexpectedness, without which the definition of an accident is incomplete, would be lacking. Moreover, as a practical matter, the door would be opened wide to frauds upon employers by designing employees. *Shuler v. Midvally Coal Co.,* 296 *Pa.* 503, 146 *A.* 146. It is upon this very point that the Pennsylvania decisions fell into apparent confusion until clarified by Judge Kenworthy's opinion in *Buck v. Arndt,* 153 *Pa. Super.* 632, 34 *A.* 2d 823, 825, where recovery was allowed upon facts[2] very analogous to those of this case.

■ Unfortunately it is in this aspect that Appellee's case is weakest, but when carefully examined I am of the opinion that the Commission's finding is based upon sufficient evidence of a direct causal connection between the lifting and the injury. Here, Stevens lifted a heavy egg crate and twisted around in an awkward position to place it upon the ground. He felt a sharp "snap" in his back accompanied by such severe pain that he dropped the crate and fell upon it. He sat down and remarked to a fellow employee that he had hurt his back. He asked for a doctor and was treated by various physicians for

---

[2]A carpenter shouldering a heavy 2x4 beam started to place it on the ground, felt a severe pain, dropped the beam, and fell upon it. He was immediately taken to a doctor who diagnosed the injury as a heart attack resulting from the heavy lifting.

several months until his complaint was definitely diagnosed as a ruptured disc. As in the Arndt case, he was in good health up to the moment of injury but was unable to work thereafter. In fact, the only appreciable difference between the two cases is that in the Arndt case the employee was immediately taken to a doctor who promptly diagnosed the injury as due to the lifting. However, I think it would be most unfair to penalize the Appellee here merely because his complaint was improperly diagnosed for some time after the injury. I am of the opinion that the causal connection between the lifting and the injury is sufficiently demonstrated to support the Commission's finding that Stevens suffered a ruptured disc as the direct consequence of lifting a fifty pound egg crate on the day in question.

Under the philosophy and reasoning of the cases previously considered he is entitled to compensation under the Act. The decision of the Industrial Accident Board is accordingly sustained.