RONALD L. SHANNON, Claimant-Appellant, v. GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Employer-Appellee.

(*May* 18, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*James P. D'Angelo* for claimant-appellant.

*Rodney M. Layton* (of Richards, Layton and Finger) for employer-appellee.

Supreme Court of the State of Delaware, No. 72, 1959.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court reversing an award of compensation by the Industrial Accident Board.

The appellant, an employee of the appellee, sustained an injury arising out of the course of his employment and filed a

petition with the Industrial Accident Board for an award under 19 *Del. C.* § 2326(f), which reads as follows:

"(f) The Board shall award proper and equitable compensation for serious and permanent facial or head disfigurement; such compensation shall be paid to the employee at the rate of 60 per cent of his weekly wages for a period of not more than 150 weeks."

Following a hearing the Board made an award to appellant of $35 for two weeks for a serious and permanent disfigurement of his forehead by reason of a one and one-half inch scar. The finding of disfigurement was made on the basis of an examination by the members of the Board of the appellant's forehead and of a photograph of the appellant. The appellee appealed to the Superior Court which reversed the award.

The reversal by the Superior Court was of the finding that appellant had suffered a serious facial disfigurement. The reason for the reversal was stated to be that, after studying the photograph of the appellant's face, it was apparent that his physical appearance was only slightly marred, which was likely to become less so in the passing of time, and that therefore there was no serious and permanent disfigurement.

The Superior Court rejected a further contention of the appellee that 19 *Del. C.* § 2326(f) permitted the making of an award for facial disfigurement only when such disfigurement is of a character which will produce an impairment of earning power. Appellee argues on this appeal for the review of this ruling.

Appellant argues to us that the question of disfigurement is one of fact, and since the Industrial Accident Board made this factual finding, supported by evidence, it may not be disturbed on appeal to the Superior Court.

Appellant is correct in arguing that the Superior Court may not on appeal reverse a finding of fact made by the Indus-

trial Accident Board when such fact is supported by evidence. *Dallachiesa v. General Motors Corporation, Del. Super.,* 140 *A.* 2d 137; *Le Tourneau v. Consolidated Fisheries Company,* 4 *Terry* 540, 51 *A.* 2d 862. The reason for the rule is, of course, the usual one that the trier of the facts sees and hears the witness and is, accordingly, better able to decide the weight and credit to be given the testimony.

In this case, however, there was no testimony to be considered. The evidence was the forehead of the appellant and a clear photograph of the alleged disfigurement. The Superior Court after inspection concluded that there was no evidence to support the Board's finding. We think this conclusion correct. It follows, therefore, that the reversal of the award was correct.

The foregoing requires the affirmance of the judgment below and consequently we do not reach the second question urged upon us by the appellee.

The judgment below is affirmed.