152 So.2d 721 (1963)
FRIENDLY FROST USED APPLIANCES and American Fire and Casualty Company, Petitioners,
v.
Paul REISER and Florida Industrial Commission, Respondents.
No. 31772.
Supreme Court of Florida.
April 3, 1963.
Rehearing Denied May 13, 1963.
Edwin H. Underwood, Jr., Miami, Gerald T. Nolan and Wakefield & Underwood, Miami, for petitioners.
Donald Feldman, Coral Gables, and Kaplan, Ser & Abrams, Miami, for Paul Reiser.
Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondents.
O'CONNELL, Justice.
The claimant, respondent Paul Reiser, was employed by the employer, Friendly Frost Used Appliances, as a truck driver, deliveryman and shop worker. He spent approximately 40% of his time delivering *722 appliances and 60% in the shop assisting in the repair of used appliances.
The employer was in the business of repairing and selling used major appliances weighing from 25 to 350 pounds, including gas refrigerators weighing approximately 310 pounds.
In performing his duties as truck driver-deliveryman claimant was required to load appliances on a truck and deliver them to purchasers. In this function claimant had the assistance of an elderly man but claimant testified this helper rendered little assistance because of his age and inability "to do much lifting."
Claimant testified that beginning about four weeks prior to the date of the event here involved he loaded and delivered several of the 310 pound gas refrigerators above mentioned, and on those occasions he experienced pains in his chest. He testified that he experienced similar pains on every occasion that he loaded and delivered this type of refrigerator, but that they would disappear after a few minutes rest. He attributed these pains to indigestion and/or bad drinking water at his place of employment.
On Saturday afternoon, August 27, 1960, claimant without assistance or use of a dolly was required to "catwalk" one of these gas refrigerators about 15 feet onto a hoist by which it was raised to a truck.
He testified that he had the same chest pains during this exertion that he had on previous occasions; they lasted a few minutes; he was very tired during Saturday evening; and that after breakfast the next morning he was working a puzzle in his apartment when the pains appeared in his chest and then spread to both arms. He was taken immediately to a hospital where he remained for treatment. Diagnosis of claimant's condition showed pre-existing arteriosclerosis and hypertension and indicated that he had suffered a myocardial infarction.
A claim was filed and ultimately the deputy commissioner entered an order in which he found that claimant's activity in lifting the gas refrigerators for some weeks before August 28, the day of the disabling attack, accelerated or aggravated the claimant's pre-existing diseased arteries causing the myocardial infarction. He found that all of claimant's medical care and temporary total disability compensation was related to the "accident of August 27, 1960, without ruling whether there shall be any apportionment of benefits for any permanent residual disability."
The full commission affirmed the deputy's order, one member dissenting.
The petitioner argues that the deputy did not find that the disabling infarct was due to any "unusual strain or overexertion not routine to the type of work he was accustomed to performing" as this Court recently said is essential to recovery in cases of aggravation of pre-existing heart diseases. See Victor Wine & Liquor, Inc. v. Beasley, Fla. 1962, 141 So.2d 581, 589.
Petitioner's contention is well founded, the deputy merely found that "the lifting event on August 27, 1960 was of such nature as to constitute an accident arising out of and in the course of his employment." Had the deputy's order in this cause been rendered subsequent to the rendition of our opinion in Victor Wine, supra, the lack of the essential finding that the infarct was due to unusual strain or overexertion would be fatal. However, this order was rendered prior to the ultimate decision in the Victor Wine case. Therefore, we will treat the deputy's order as if it contained the pertinent finding and turn then to a determination of whether the record contains competent substantial evidence which will support such a finding.
The only evidence in the record which indicates that the lifting incident constituted "unusual strain" or "overexertion" is found in the testimony of Dr. Morton M. Halpern.
Unfortunately for claimant, Dr. Halpern in candor admitted that he based his statement that the incident constituted unusual *723 effort or strain on the history related to him by the claimant.
It is worthy of note here that Dr. Halpern expressed the view that seems to relate strain and the question of whether it is excessive or unusual to the individual involved, rather than to the ordinary requirements of the employment. It was his opinion that unusual strain or stress could be unusual every day even though it arose out of work which was habitually or regularly performed by the individual and normally required by his employment.
Dr. Halpern's view is interesting and understandable, but it is directly opposed to the position adopted by this Court in the Victor Wine case in which we established the usual and ordinary requirements of the employment as the norm and held that a disabling heart condition occasioned by exertion or strain normal to the employment would not be compensable.
Returning to the testimony of Dr. Halpern indicating that his opinion, that the lifting incident here involved constituted unusual effort or strain, was based on the history given him by claimant, we are forced to the conclusion that there is no evidence in the record to support this history and therefore the opinion must be held to have no evidentiary value. Arkin Construction Co. v. Simpkins, Fla. 1957, 99 So.2d 557.
Neither the claimant's testimony nor any other evidence in the record establishes that the lifting incident of August 27th was unusual or not routine to his employment. He testified that he had handled the identical type gas refrigerator on several occasions prior to the pertinent date. There is no evidence showing that moving appliances of the size and weight of these refrigerators was not routine to the employment. The absence of a helper on this date is not significant for claimant testified that the helper assigned to him on other occasions was an elderly man who gave little or no assistance.
Claimant's employer testified that the moving of appliances weighing as much as 350 pounds was routine to claimant's work.
With Dr. Halpern's opinion stripped of evidentiary value the record is left devoid of competent substantial evidence that the lifting incident of August 27th constituted unusual strain or overexertion not routine to the type of employment in which claimant was engaged so as to bring it within the rule laid down in the Victor Wine case. It follows that the orders of the deputy and the full commission must be reversed on authority of that case.
Accordingly, the petition for writ of certiorari is hereby granted, the order of the full commission quashed, and the cause remanded with directions to the commission to enter an order quashing the order of the deputy commissioner.
ROBERTS, C.J., and TERRELL, THOMAS and CALDWELL, JJ., concur.