GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Employer-Appellant Below, Appellant, v. HOWARD C. McNEMAR, JR., Claimant-Appellee Below, Appellee.

(*May* 14, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Rodney M. Layton*, Richards, Layton & Finger, Wilmington, for appellant.

*James P. D'Angelo*, Wilmington, and *James M. Tunnell, Jr.*, of Morris, Nichols, Arsht & Tunnell Wilmington, for appellee.

Supreme Court of the State of Delaware, No. 95, 1963.

TERRY, Chief Justice.

On January 23, 1958, the claimant was employed as a worker on the assembly line of General Motors Corporation. His work required him to stand in a pit below the line of travel of the motor vehicles and to tighten three screws with a hand wrench on each car that passed overhead. The rate of travel of the assembly lined required an average in excess of 100 fittings per hour. If the claimant fell behind in his work, he was required to move with the line of travel and, in so doing, he often struck his head on the differentials of the overhead cars.

Prior to the date in question, claimant had enjoyed good health, although he had been excused from work the

previous three days because of a persistent headache. On the day in question, claimant collapsed as he endeavored to tighten one of his required fittings, and subsequent medical diagnosis indicated that he had suffered a rupture of an aneurysm of an internal carotid artery. Although emergency surgery arrested the hemorrhage, claimant lost the sight of one eye as a result of the rupture and surgery attendant upon it.

■ Under the provisions of 19 *Del. C.* Sec. 2304, the Workmen's Compensation Law of this state is the exclusive remedy available to claimant to secure compensation for the injuries sustained by claimant as a result of the above-described incident. Accordingly, upon the refusal of General Motors to recognize the existence of a compensable accident, the claimant petitioned the Industrial Accident Board seeking a determination by that board that he had suffered a personal injury within the purview of the Workmen's Compensation Act.

After receiving testimony and documentary evidence, the board rendered an opinion finding that the injury was induced by the strain and emotional pressure of the work as well as by the constant trauma experienced by claimant when he struck his head. Accordingly, the board found that claimant was entit¹ed to compensation under the Act. The Superior Court, without opinion, affirmed the award of the board, and the employer has appealed to this court.

■ Prior to a determination of the issues raised by this appeal, we must first note the limited function placed upon this court and the lower court in reviewing an award of the Industrial Accident Board. As stated by the Superior Court in *Dallachiesa v. General Motors Corp.*, 1 Storey 130, 51 Del. 130, 140 A.2d 137 (1958):

"This Court will not reverse the Industrial Accident

Board where there is some evidence to support the Board's findings of fact and where there has been no error of law.": (At Page 138) Accord: *Shannon v. General Motors Corp.*, 2 Storey 524, 52 Del. 524, 161 A.2d 433 (Del. Supreme Court, 1960).

Appellant initially challenges the award in question upon the grounds that the evidence conclusively shows that claimant did not perform any unusual or special task during the day in question. Appellant contends that an award may not be sustained absent such a finding, citing *Walsh v. Diamond State Brewery, Inc.*, 7 Terry 252, 46 Del. 252, 82 A.2d 740 (Del.Superior Court, 1951), and *Faline v. Guido and Francis DeAscanis and Sons*, 192 A.2d 921 (Del.Supreme Court, 1963). We are of the opinion that these decisions are not dispositive of the instant question.

In Walsh, the court found that the cerebral hemorrhage sustained by the claimant was the inevitable and natural result of a pre-existing medical condition and that the claimant had failed to show any causal relationship between the injury and his employment. The court made no holding that the claimant was required to show unusual activity; rather, it merely noted the absence of any proof that the employment contributed to the injury. In Faline, we did note the absence of any proof of unusual or extraordinary effort immediately prior to the heart attack sustained by the claimant. Again, however, we did not hold that unusual activity is a prerequisite to recovery; it was the absence of unusual activity, combined with an absence of proof that the usual course of employment could have contributed to the accident, and the fact that the claimant suffered from an idiopathic disease unrelated to injury by accident, that sustained our holding that claimant had failed to produce any evidence

showing a causal relationship between the injury and employment.

If the claimant has successfully shown that his usual duties and work habits contributed to the injury and can show the existence of such contributing factors upon the day in question, the claimant has satisfied his obligation under our Workmen's Compensation statute. See *Gray's Hatchery and Poultry Farms v. Stevens*, 7 Terry 191, 46 Del. 191, 81 A.2d 322 (Del.Superior Court, 1950). As stated by the Supreme Court of Idaho:

"If the claimant be engaged in his ordinary, usual work and the strain of such labor becomes sufficient to overcome the resistance of claimant's body and causes an injury, such injury is compensable." *Lewis v. Department of Law Enforcement*, 79 Idaho 40, 311 P.2d 976, 978 (1957).

Appellant's second objection to the award of the Industrial Accident Board is the contention that the board received answers to improper hypothetical questions into evidence. Three of the physicians who testified in behalf of the claimant stated in response to the hypothetical question under attack that the injuries sustained by the claimant resulted from the conditions of employment noted in the hypothetical question. The employer makes four principal attacks upon the factual assumptions stated in the hypothetical question. In the first place, appellant attacks the assumption stated in the question that claimant had enjoyed good health prior to the 23rd of January, 1958. This objection is without merit, since the question recognized the existence of the headaches, and claimant testified, without rebuttal, that he had, in fact, enjoyed good health prior to the day in question.

Secondly, appellant challenges the assumed

number of fittings required of claimant as stated in the question. This objection is equally without merit, since claimant had testified in support of the disputed figure, and the evidence produced by appellant does not indicate a substantial variation, when appellant's maximum figure is compared with that stated by claimant. Thirdly, appellant attacks the assumption stated in the question that claimant's work required heavy physical labor, since claimant admittedly was not required to lift large or heavy objects. However, since claimant had testified that his work required constant physical strain, and his testimony was corroborated by other workers employed in the same position, we believe that this assumption was supported by the evidence.

Appellant's fourth principal objection to the hypothetical question is the assumption that claimant struck his head on the overhead differentials of the cars on the day in question. The evidence is undisputed that claimant struck his head approximately once a day, but, admittedly, claimant did not specifically state that he struck his head on the day in question. However, a reading of all the medical testimony indicates that predominant emphasis was placed upon the strain associated with claimant's work as the principal cause of the injury; the striking of the head was considered to be a less substantial, although contributing cause. As noted above, the prior trauma was undisputed and stated in the question. Accordingly, the failure to produce specific proof that claimant struck his head on the day in question must be considered to be harmless error, since all of the other assumptions stated in the hypothetical question were supported by the evidence. See *General Chemical Division v. Fasano,* 8 Terry 546, 47 Del. 546, 94 A.2d 600 (Del.Superior Court, 1953).

■ ■ Appellant's final objection to the award is the contention that the aneurysm was a pre-existing defect unrelated to claimant's employment. However, the fact that a claimant suffers from a pre-existing physical defect will not preclude the award of compensation if the conditions of employment cause a sudden and violent acceleration and deterioration of the defect. See *Traders and General Insurance Co. v. Rooth*, 268 S.W.2d 539 (Texas Court of Civil Appeals, 1954).

■ Claimant's testimony that he constantly struck his head and was under a severe emotional and physical strain during his employment and upon the day in question was corroborated by other employees. In addition, medical testimony indicated that such employment conditions caused the injury in question. The employer's reliance upon countervailing medical testimony may not be considered upon appeal, since it was the proper function of the board to resolve any conflicts in the factual evidence presented to it. See *General Motors Corp. v. Freeman*, 3 Storey 74, 53 Del. 74, 164 A.2d 686 (Del.Supreme Court, 1960). Accordingly, we hold that there was substantial evidence before the board which justified its finding that the usual conditions of employment contributed to and caused the injury in question.

[13, 14] Such a finding does not raise any misconception of law. A sudden rupture of an aneurysm may properly be considered a personal injury within the purview of 19 *Del. C.* Sec. 2301. See Larson, Workmen's Compensation Law, Sec. 38.20, and 58 Am.Jur., Workmen's Compensation, Sec. 255. Such injuries, when caused by the physical strain or emotional stress attendant upon the usual duties of employment, are compensable under the Workmen's Compensation Law. See *North American Refractories Co. v. Jackson*, 346 S.W.2d 10 (Kentucky Court

of Appeals, 1961), and *Lobman v. Bernhard Altmann Corp.*, 19 A.D.2d 931, 244 N.Y.S.2d 425 (1963).

The judgment of the court below sustaining the award of the Industrial Accident Board is affirmed.