Howard H. **REYNOLDS, Sr., by Helen T.
Reynolds, Claimant-Appellee Be-
low, Appellant,**

v.

**CONTINENTAL CAN COMPANY, Employer-
Appellant Below, Appellee.**

Supreme Court of Delaware.

Feb. 14, 1968.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for claimant-appellee below, appellant.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is a workmen's compensation heart case. The questions arising on this appeal are whether unusual exertion is a prerequisite to compensation and, if so, whether there was unusual exertion in this case sufficient to meet the requirement.

The Industrial Accident Board made an award to the appellant, the widow of Howard H. Reynolds, Sr., for herself and four minor children. The Board found that Reynolds suffered a heart attack on December 30, 1960 from which he died on May 30, 1962;[1] that

---

[1]. We find it difficult to understand why a cause of this kind, arising in 1962, comes before us more than 5 years later. We suggest an inquiry by the Industrial Accident Board and the Superior Court as to whether there was undue delay in this case and, if so, the cause therefor, to the end that there shall be prompt disposition of workmen's compensation cases. Public policy requires priority attention to such cases. See 19 Del.C. § 2350(a).

" * * * a preponderance of competent medical testimony established that the heart attack on December 30, 1960 was causally related to and contributed by his employment with Continental Can Company."

The employer appealed to the Superior Court. In reversing the Industrial Accident Board award, the Superior Court stated:

"Unquestionably the employee's last act of work prior to his initial seizure contributed to the seizure. This was the thrust of the medical testimony.

"However, the evidence indicated that this last act of work was part of the employee's routine in the performance of his duties. Clearly there was no 'accident' resulting in injury within the meaning of 19 Del.C. § 2304. * * *."

The Superior Court concluded that the case is ruled by Faline v. Guido and Francis DeAscanis & Sons, Del., 192 A.2d 921 (1963).

From the reversal by the Superior Court of the Board's award, the widow appeals to this Court.

### I.

We are committed to the unusual exertion rule in heart cases, at least as to the coronary infarction type involved in this case.[2] In Faline v. Guido and Francis DeAscanis & Sons, supra, this Court rejected the usual exertion rule exemplified by Dwyer v. Ford Motor Co., 36 N.J. 487, 178 A.2d 161 (1962), and stated that the "accident" essential under our Workmen's Compensation Law was not fulfilled in that case, involving a myocardial infarction and routine work, because there was no evidence of any unusual or extraordinary effort followed by the at-

tack. Compare Philadelphia Dairy Products Co. v. Farran, 5 Terry 437, 61 A.2d 400 (1948).

█ The appellant contends, however, that Faline in effect has been overruled by General Motors Corporation v. McNemar, Del., 202 A.2d 803 (1964). Such is not the case. McNemar involved a ruptured aneurysm of an internal carotid artery. This Court there held that the usual exertion rule applied in that type of case. But McNemar did not overrule the unusual exertion rule established by Faline for infarction type heart cases. Upon reconsideration, we realize that certain statements in McNemar, as to the scope and effect of Faline, may be too broad. Accordingly, insofar as any statement in McNemar relative to Faline may be irreconcilable with our conclusions herein, such statement is hereby overruled.

We take this position advisedly, with awareness that the usual-unusual exertion distinction is the minority view [1A Larson's Workmen's Compensation Law, §§ 38.30, 38.71], and has been criticized as being theoretically unsound, impractical, and diaphanous [Ibid, §§ 38.61–38.63, 38.64(b)]. We are also aware that the recent trend is away from such distinction in New York [Ibid, § 38.64(a)], in New Jersey [Ibid, § 38.64(b)], and in Pennsylvania, especially where there is no pre-existing heart condition [Ibid, § 38.82]. Nevertheless, as was stated in Faline, the "accident" essential of our Law must be read to require the usual-unusual distinction in heart cases of the infarction type, unless and until there is a clear expression of legislative intent to the contrary.

---

2. Distinction is made between a heart attack of the infarction type (resulting from a generalized condition and coronary occlusion caused by embolism or thrombosis depriving the heart of blood supply), in which there is no "breakage" of any part of the body, and a heart attack in which there is such "breakage", as in the case of a ruptured aorta. We make no ruling as to the latter type of heart case which may be analogous to the ruptured aneurysm in General Motors Corporation v. McNemar, Del., 202 A.2d 803 (1964), and the ruptured intervertebral disc in Gray's Hatchery and Poultry Farms v. Stevens, 7 Terry 191, 81 A.2d 322 (1950). In both of the latter cases, the usual exertion rule was applied. Compare 1A Larson's Workmen's Compensation Law, §§ 38.20 and 38.30.

We note that Delaware is not alone in thus distinguishing heart cases. The usual exertion rule is rejected in heart cases in many jurisdictions: Industrial Comm'n v. Hesler, 149 Colo. 592, 370 P.2d 428 (1962); Friendly Frost Used Appliances v. Reiser, Fla., 152 So.2d 721 (1963); Douglas v. Warner Gear Div. of Borg Warner Corp., 131 Ind.App. 664, 174 N.E.2d 584 (1961); Love v. Land, Mo.App., 356 S.W.2d 105 (1962); Cochran v. Bellevue Bridge Comm'n, 174 Neb. 761, 119 N.W.2d 292 (1963); Ferrell v. Montgomery & Aldridge Sales Co., 262 N.C. 76, 136 S.E.2d 227 (1964); Stewart v. Young, 112 Ohio App. 433, 176 N.E.2d 322 (1960); McGowan v. Upper Darby Pet Supply, 207 Pa.Super. 329, 217 A.2d 846 (1966); Black v. Barnwell County, 243 S.C. 531, 134 S.E.2d 753 (1964); Cooper v. Vinatieri, 73 S.D. 418, 43 N.W.2d 747 (1950); Windust v. Department of Labor & Indus., 52 Wash.2d 33, 323 P.2d 241 (1958); compare Boeing Co. v. Fine, 65 Wash.2d 169, 396 P.2d 145 (1964).

We confirm the unusual exertion rule established in *Faline* for heart cases of the infarction type.

## II.

Hence, the determinative question here is whether there was sufficient evidence of an unusual exertion in the instant case to meet the test for compensability. We think so.

■ Bearing in mind that the Superior Court did not see and hear the witnesses (the decision below having been made on the record before the Board), we have reviewed the facts as well as the law of the case. Nardo v. Nardo, Del., 209 A.2d 905 (1965).

The following facts are uncontroverted: Reynolds, age 43, was employed as a millwright. On the day of the heart attack, about an hour before quitting time, Reynolds and a co-worker carried three angle irons, each being about 8 to 10 feet long and weighing from 40 to 50 pounds, from the ground floor up six flights of stairs at the mill. While the co-worker began to install the angle irons, Reynolds went back to the ground level and carried a fourth angle iron, of about the same size and weight, up the six flights. When he arrived, he was "real winded." Usually, the crane was used for carrying such angle irons to the upper floors. On this occasion, however, the crane was not available. Shortly thereafter, Reynolds and another co-worker carried a feed-gate, weighing over 100 pounds, from the fourth to the sixth floor. A hoist chain was often used to carry such items up these two flights. But on this day, the hoist was not used.

During the carrying of the gate, Reynolds was observed to be "all out", experiencing "shortness of breath and sweating, clammy." He told his co-worker that "he didn't feel good" and that he was short of breath; and he could be observed perspiring. Reynolds left the mill shortly thereafter, and had the seizure on his way home. He was admitted to the hospital at 5:30 P.M. and was there found to have suffered a massive coronary infarct. Both the Board and the Superior Court agreed that there was causal connection between the attack and the work, and that death resulted from the attack.

■ The usual work of a millwright in the appellee's mill consisted of installing and repairing machinery, and involved carrying and moving heavy machinery, and going up and down the stairs. However, the crane ordinarily was used to carry heavy machinery up the stairs; and a hoist chain was also ordinarily used in that part of the work. Because the crane and the hoist chain were not used in the instant case, it is our opinion that there was sufficient unusual exertion to meet the test for compensation in a heart case of this type.

Accordingly, the judgment of the Superior Court must be reversed, with instructions to affirm the award of the Industrial Accident Board in favor of the employee's widow and children.