**STATE HOME IMPROVEMENT COMPANY, Employer-Appellant,**

v.

**Robert DAVIS, Claimant-Appellee.**

Superior Court of Delaware,
New Castle.

March 20, 1969.

**834**

B. Wilson Redfearn, Wilmington, for employer-appellant.

Albert L. Simon, Wilmington, for claimant-appellee.

STIFTEL, President Judge.

This is an appeal by State Home Improvement Company, as employer, from a decision of the Industrial Accident Board of Delaware awarding workmen's compensation to Robert Davis for temporary total disability and medical expenses incurred in connection with an operation to his right leg.

On November 6, 1967, claimant was installing ceiling tile for his employer in a small, crowded room containing two beds and various other pieces of furniture. Throughout the day, it was necessary for Davis to continuously walk across bed springs, which, he said, caused a sharp pain in his right leg. On November 11, claimant saw Dr. Richard Taylor. Dr. Taylor indicated that Davis had been suffering from a popliteal aneurysm in his right leg

for approximately one year. He recommended remedial surgery, which was scheduled to be performed on December 9.

On November 20, 1967, while claimant was squatting in an attic installing dry wall for his employer, he suffered a severe pain which dislodged a clot in an artery in his right leg. The claimant was hospitalized and underwent remedial surgery on November 21, 1967.

Claimant and his co-worker both testified that the nature of their work on both November 6th and November 20th was extraordinary in that they had never been previously required to expect such strenuous pressure on their legs or assume such unusual and cramped positions in the performance of their duties. Dr. Taylor explained that although Davis eventually would have needed surgical treatment to correct the popliteal aneurysm, the acute embolization of the clot was probably precipitated by the strenuous activities at work on November 6th accelerating the need for scheduling corrective surgery on December 9th. Furthermore, his strenuous activity on November 20th required updating the need for surgery.

Claimant admits the pre-existing condition, but claims the condition was accelerated and aggravated by the unusually strenuous activity required of him at work on both November 6 and November 20.

This Court will not reverse the decision of the Industrial Accident Board where there is substantial competent evidence to support it. General Motors Corporation v. Huester, 242 A.2d 314 (Del. Superior Court, 1968).

A pre-existing physical defect will not preclude an award of workmen's compensation, where "the conditions of employment cause a sudden and violent acceleration and deterioration of the defect." General Motors v. McNemar,* 202 A.2d

---

\* Reynolds v. Continental Can Company, Del., 240 A.2d 135, overruled McNemar only insofar as any language therein affected the law in heart cases of the infarction type.

803 (Supreme Court, 1964); Hudson v. E. I. DuPont de Nemours & Co., 245 A.2d 805 (Superior Court, 1968). Davis' testimony that during November 6 and November 20, he was required by virtue of the unusual nature of his duties to exert severe pressure and strain on his legs is corroborated by his co-worker. Further, medical testimony indicated that there was a causal connection between the work being performed on the above dates and the injury sustained by the claimant. Thus, the record indicates a definite relationship between the severe bending and flexing of the popliteal aneurysm and the dislodging of the blood clot, which accelerated the need for remedial surgery. Accordingly, I conclude there is substantial record evidence to support the Board's findings.

The award of the Industrial Accident Board is affirmed.

It is so ordered.