Anthony DeROCILI, Appellant-Employee,

v.

CHRYSLER CORPORATION, Appellee-Employer.

Supreme Court of Delaware.

Oct. 23, 1969.

Oliver V. Suddard and Richard Allen Paul, Wilmington, for appellant-employee.

Carl Schnee, Wilmington, for appellee-employer.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of the Superior Court reversing an award of compensation by the Industrial Accident Board. At issue is the question of whether or not Anthony DeRocili suffered a personal injury by accident within the meaning of 19 Del.C. § 2304.

DeRocili was employed by Chrysler Corporation on the assembly line installing headlights. His job required him to move slowly backward in a bent position. This job put a strain on his back, with which he had had difficulty before. In 1965, his back trouble required him to stay in bed eight days. He went back to work in August of 1965 for a three-week period and his back got progressively worse, forcing him to leave work on September 10, 1965.

The medical testimony was to the effect that DeRocili had a pre-existing nerve root syndrome which was put in a stretch by the position in which his job required him to work. The stretching and a protruded disc inflamed and enlarged the nerve, which, by reason thereof, was thereafter under pressure, producing pain. The medical testimony is plain that the type of work performed by DeRocili aggravated his back condition which became increasingly worse. There is no evidence in the record of any unusual or strenuous activity on his part resulting in sudden severe pain in his back. It is obvious that his back condition gradually became worse over a period of time due to the usual conditions under which he worked.

We think this appeal is controlled by our decision in Belber Trunk & Bag Co. v.

Menesy, 8 Terry 595, 96 A.2d 341. In that case the facts were that the claimant for workmen's compensation was a middle-aged woman suffering from a bursitis of the tendon of the bicipital muscle which develops in people of middle age who have degenerative changes in the bones, tendons and muscles. The medical testimony was that excessive use of the arms by a person with such a condition would aggravate the condition but would not cause it. By reason of the fact that there was no evidence of any unusual event or occurrence on the day the claimant allegedly suffered injury, we held that the claimant suffered from an idiopathic disease unaccompanied by and unrelated to injury by accident as required by 19 Del.C. § 2304.

We think the case before us is one of a pre-existing condition of the back which was aggravated by the conditions under which the claimant worked. The result was a gradual deterioration of the claimant's back, but there was no unusual event or exertion on his part at a precise time which can be pointed to as an "accident" causing injury. We hold, therefore, that the *Belber* case is controlling, and that the claimant suffered no compensable injury. Indeed, to hold otherwise in these circumstances would be to convert the Workmen's Compensation Law into general health insurance which we refuse to do. Faline v. DeAscanis & Sons, 6 Storey 202, 192 A. 2d 921.

The claimant argues, however, that *Belber* is distinguishable and that if it is not, has been overruled by General Motors Corporation v. McNemar, 7 Storey 511, 202 A.2d 803, a later decision of this court. We think, however, that *McNemar* is distinguishable and did not overrule *Belber*.

In *McNemar* the facts were that the claimant worked on an assembly line. His job required him to stand in a pit and to tighten three screws with a hand wrench on each car that passed overhead. The rate of travel of the line oftentimes required the claimant to move with the line if he fell behind and, in so doing, he frequently struck his head on the differentials of the overhead cars. Prior to his final injury, he was in good health except for persistent headache causing absence from work for the previous three days. The claimant collapsed at work due to the rupture of an aneurysm of an internal carotid artery as a result of which he lost the sight of one eye.

In *McNemar* we held the claimant had suffered a compensable injury by reason of the excessive strain placed upon him by the requirement of keeping up with the speed of the line and the repetitive striking of his head over a period of time. Consequently, his failure to produce specific proof that he struck his head on the day he collapsed made no difference. We considered the constant strain, the repetitive blows upon his head, and the resulting artery dilation as being the equivalent of an accident.

In the case before us, however, the record shows no traumatic event in the employment of the claimant. He did his usual work in the usual way with no untoward incident. The manner in which he necessarily did his usual work over a period of time gradually aggravated a pre-existing condition of his back and did not create that condition. There was no "sudden and violent acceleration" of the condition as in *McNemar*. As such, the case is the same as *Belber*, and is controlled by it.

State Home Impr. Co. v. Davis, Del. Super., 251 A.2d 833, and Hudson v. Du-Pont Company, Del., 245 A.2d 805, cited and relied on by claimant, may be distinguished along the same lines. Each of them stands for the proposition that a compensable injury occurs when a pre-existing defect is suddenly accelerated by severe and unusual activity in the performance of the claimant's job. The record before us is devoid of any such evidence.

■ We hold that there was no "accident" in this case within the meaning of

that word as it is used in our Workmen's Compensation Law. See Reynolds v. Continental Can Company, Del., 240 A.2d 135.

The judgment below is affirmed.