Nora **MILOWICKI**, Claimant-Appellant,

v.

**POST AND PADDOCK, INC.** and Sengam, Inc., Employers-Appellees.

**POST AND PADDOCK, INC.** and Sengam, Inc., Employers-Appellants,

v.

Nora **MILOWICKI**, Claimant-Appellee.

Supreme Court of Delaware.

Nov. 19, 1969.

David Snellenburg, II, of Killoran & Van Brunt, Wilmington, for claimant.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, for employer.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The appeal in this workmen's compensation case raises the question of whether unusual exertion is required to make compensable a ruptured intervertebral disc sustained by one having a pre-existing degenerative disc condition.

I.

The employee was a bookkeeper. At the close of business one day, she noticed two envelopes on the floor near her desk. She bent down to pick up the envelopes and, in so doing, felt "a terrific pain" in her lower back. She was hospitalized and, after conservative treatment for several weeks, she underwent surgery for the removal of an herniated disc between the fourth and fifth vertebra.

The employee had been involved in an automobile accident about four years earlier. She was treated for back injury and was found to have a degenerative spondylolisthesis of the lumbar spine.

The medical testimony in the record before us established that the employee

sustained the herniated disc when she bent down to pick up the envelopes; that she had a pre-existing "deteriorated disc problem"; that such deteriorated disc might have herniated as the "result of any kind of effort", including coughing, sneezing, or twisting; that bending down was possibly "the trigger mechanism for aggravation of the degenerative process" that resulted in the disc rupture.

The Industrial Accident Board held that the claimant sustained a compensable injury and total disability in that she "aggravated [a] pre-existing back condition." The Superior Court sustained the Board's finding of a compensable accident, but reversed the finding of total disability. Both parties appeal.

## II.

This case turns on the question of whether there was an "accident", under our Workmen's Compensation Law, in view of the very ordinary and usual exertion of the employee in bending down to pick up the envelopes. We think not.

In Faline v. Guido and Francis DeAscanis & Sons, Del.Sup., 192 A.2d 921 (1963), this Court held that unusual exertion was required for compensability in a heart case in which a pre-existing heart condition had been shown. Compare Reynolds v. Continental Can Company, Del. Sup., 240 A.2d 135 (1968). The Faline case and the unusual exertion rule there adopted control in the instant case. The fact that this is a back case and Faline was a heart case makes no significant difference. In this area of workmen's compensation, back cases and heart cases are generally considered together. See 1A Larson's Workmen's Compensation Law, §§ 38.20, 38.30, 38.83.

It may be argued that the unusual exertion rule adopted in Faline is not applicable here because that case involved a myocardial infarction in which there was no "breakage" of any part of the body [see Reynolds v. Continental Can Company, Del.Sup., 240 A.2d 135, 136, f.n. 2], whereas the instant case involved a rupture. It does appear that in many cases the element of "breakage" has had major influence upon the choice between the usual-unusual exertion rules. 1A Larson's Workmen's Compensation Law, §§ 38.20, 38.71. But we are of the opinion that a distinction based upon the requirement of a "breakage", as a controlling element in the usual-unusual exertion problem, is arbitrary and artificial and should not prevail. We see no sound reason for distinguishing a disc herniation from a back strain or sprain in the application of the unusual exertion rule. See 1A Larson's Workmen's Compensation Law, §§ 38.30, 38.73.

The employee relies upon Barone v. McCormick Transportation Co., 11 Terry 502, 135 A.2d 140 (1957) and General Motors Corporation v. McNemar, Del.Sup., 202 A.2d 803 (1964). The Barone case differs from the instant case in that there the employee was unloading from a truck single-handedly 450 pound * bales of cotton, and the pre-existing back condition was found to be unrelated to the disc herniation. The McNemar case is inapposite because there the employee was in good health at the time of the injury.

The employee also relies upon Hudson v. E. I. DuPont deNemours & Company, Del.Super., 245 A.2d 805 (1968) and Collins & Ryan v. Hudson, 6 Terry 438, 75 A.2d 261 (1950). The Hudson case is not applicable because there a fall satisfied the "accident" prerequisite. The Collins case is

* In Barone, it appears that the employee was engaged in an unusual exertion, albeit in the course of his usual employment. We distinguish usual exertion from usual duties; an employee may experience an unusual exertion in the performance of routine duties. We also recognize the distinction between employment life and non-employment life in measuring the usualness of an exertion. See 1A Larson's Workmen's Compensation Law, § 38.83. We are not required to engage in any of these distinctions in the instant case.

inapposite because there the employee was engaged in an unusual exertion at the time of the injury.

 Accordingly, we hold that, under the law of this State, a showing of unusual exertion is a prerequisite of compensability where the injury is due, in part at least, to the aggravation of a pre-existing physical weakness. Compare Philadelphia Dairy Prods. Co. v. Farran, 5 Terry 437, 61 A.2d 400 (1948). This rule is to be contrasted with the rule of Gray's Hatchery & Poultry Farms, Inc. v. Stevens, 7 Terry 191, 81 A.2d 322 (1950), approved in Barone v. McCormick Transportation Company, 11 Terry 502, 135 A.2d 140 (1957), to the effect that usual exertion will suffice to make an injury accidental and compensable if a causally-connected pre-existing physical weakness has not been shown. Compare the Pennsylvania rules to the same effect; e. g., Ricketts v. Bell Telephone Company of Pennsylvania, 178 Pa.Super. 588, 115 A.2d 818 (1955); Beck v. Container Corp. of America, 207 Pa.Super. 456, 218 A.2d 839 (1966); 1A Larson's Workmen's Compensation Law, §§ 38.30, 38.82, 38.83.

### III.

 That the exertion of the employee in the instant case was not unusual is manifest. In bending down to pick up the envelopes, she was engaged in an exertion quite usual for her type of employment; and it was one no greater than she would experience in her ordinary non-employment life. See 1A Larson's Workmen's Compensation Law, § 38.83. The act of bending, and the resultant disc herniation, may have occurred in the very same manner a few minutes later in the employee's home as she bent down to pick up the evening newspaper. As we have often stated, our Workmen's Compensation Law may not be converted into health insurance. DeRocili v. Chrysler Corporation, Del.Sup., 259 A.2d 373 (decided October 23, 1969). There must be an "accident" for compensability. No accident occurred here.

* * *

Accordingly, the judgment of the Superior Court must be reversed and the cause remanded with instructions to reverse the order of the Industrial Accident Board in favor of the employee and to enter an order in favor of the employer.

This result renders academic the employee's cross appeal as to totality of disability.

