**Ibrahim S. MADANAT**

v.

**GENERAL MOTORS CORPORATION.**

Superior Court of Delaware,
New Castle.

Jan. 29, 1974.

George C. Hering, III, and Edward M. McNally, of Morris, James, Hitchens &

**234**

Williams, Wilmington, attorneys for appellant.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, attorney for appellee.

TAYLOR, Judge.

Employee worked on the rear bumper assembly line at General Motors [employer]. He commenced work on August 16, 1971. In the latter part of October 1971 employee developed a pain in his lower back. He stated that he reported the condition to the employer's dispensary on October 28, 1971. On the previous day he had felt "a pinching type thing" in his low back area on the left which was followed by a certain heaviness in his left leg. Employee related the onset of his back condition to a time when the assembly line was out of synchronization, requiring him to walk an extra car length carrying bumpers to cars on the assembly line. The period of non-synchronization lasted for one to one and a half hours. The Board found that the average weight of the bumpers which he carried was between 40 and 50 pounds.

The Board found that there was a causal relationship between employee's back difficulties and his job on the rear bumper assembly line. The Board further found that there was insufficient evidence of a pre-existing back condition. The Board also found that the lifting of 40 to 50 pound bumpers fifty-five to sixty times per hour constitutes unusual exertion. The Board also found that while there had been proof of the place and circumstances under which employee's condition originated, there was no proof of the time of an occurrence and hence there was no accident within the meaning of the Workmen's Compensation Law. The issue is whether the employee's back condition was caused by accident as required by the Workmen's Compensation Law. 19 Del.C. § 2304.[1]

Many of the Supreme Court cases which have dealt with the issue of "acci-

dent" have involved physical condition which existed in lesser form prior to the occurrence for which compensation was sought. Belber Trunk & Bag Co. v. Menesy, Del.Supr., 8 Terry 595, 96 A.2d 341 (1953) (pre-existing degenerative changes in bones, muscles and tendons of the arm); Barone v. McCormick Transportation Company, Del.Supr., 11 Terry 502, 135 A.2d 140 (1957) prior back injury followed by gradual deterioration of the back); Faline v. Guido and Francis DeAscanis & Sons, Del.Supr., 192 A.2d 921 (1963) (previous evidence of heart condition); Johnson v. Chrysler Corporation, Del.Supr., 213 A.2d 64 (1965) (pre-existing back condition from prior injury); DeRocili v. Chrysler Corporation, Del.Supr., 259 A.2d 373 (1969) (pre-existing back nerve root syndrome); Milowicki v. Post and Paddock, Inc., Del.Supr., 260 A.2d 430 (1969) (pre-existing degenerative disc condition). In such cases, the onset of the more serious condition must have been accompanied by unusual exertion in order to be a compensable accident. Milowicki v. Post and Paddock, Inc., supra.

Reynolds v. Continental Can Company, Del.Supr., 240 A.2d 135 (1968) held that at least in heart cases of the infarction type, the rule requiring "unusual exertion" applies. By footnote, the Court differentiated the facts in *Reynolds* from cases involving breakage or rupture of a part of the body, where no showing of unusual exertion was required, as in General Motors Corp. v. McNemar, Del.Supr., 202 A.2d 803 (1964) and Gray's Hatchery and Poultry Farms v. Stevens, Del.Super., 7 Terry 191, 81 A.2d 322 (1950).

In DeRocili v. Chrysler Corporation, Del.Supr., 259 A.2d 373 (1969), the Delaware Supreme Court held that the gradual deterioration of a pre-existing back condition while an employee performed his regular duties, unaccompanied by an unusual event or exertion at a precise time did not qualify under the Workmen's Compensa-

---

1. There is no contention that employee's condition qualifies as a compensable occupational disease.

tion Law as an accident. The employee "did his usual work in the usual way with no untoward incident". .

General Motors v. McNemar, Del.Supr., 202 A.2d 803 (1964) has been cited in support of the proposition that workmen's compensation may be granted in an instance where no unusual exertion has occurred. *McNemar* has been distinguished on its facts by the Supreme Court. In Reynolds v. Continental Can Co., supra, the Supreme Court pointed out that *McNemar* involved the rupture of an aneurysm of an artery. In DeRocili v. Chrysler, supra, the Supreme Court observed that in *McNemar* the constant strain, the repetitive blows on the head and the resulting artery dilation were "the equivalent of an accident". In Milowicki v. Post and Paddock, Inc., Del.Supr., 260 A.2d 430, 431, (1969), the Supreme Court distinguished *McNemar* "because there the employee was in good health at the time of the injury."

In this case, the Board found that the work which employee had done on the occasion when the first evidence of his disability appeared constituted "unusual exertion". The Board also found that there was insufficient evidence of a pre-existing back condition. It also found that there was substantial evidence to establish a causal relationship between employee's work and his back and leg condition.

The Board did not address itself to the question of whether the onset of the back and leg condition qualifies as a breakage or rupture. Dr. Theodore Strange characterized employee's condition as an acute herniated disc, which was associated with employee's bending and lifting on the job.

■ In Gray's Hatchery and Poultry Farms v. Stevens, supra, an invertebral disc had ruptured while an employee was performing his usual work of unloading egg crates. He felt something snap, suffered severe pain, dropped the crate and fell. In upholding the award of compensation, this Court stated:

"However, in cases of this sort the most compelling reasons exist for requiring that the evidence clearly establish that the injury happened at a fixed time and place and was attributable to a clearly traceable incident of the employment. Otherwise, the causal connection between the application of force and the resulting internal injury would be rendered vague and the element of unexpectedness, without which the definition of an accident is incomplete, would be lacking."

Two statements referred to in *Stevens* are illuminating. The first is that upon the weight of authority in this country, an employee rupturing or otherwise straining himself while in the usual course of his employment has suffered a compensable accident. The other is the simple analogy that "it is just as much an accident when a man suddenly breaks down as where there is a like mishap to the machine he is operating." I construe this language to mean that the injury must be traceable to an occasion during work in which the exertion of the work was accompanied by an unexpected manifestation of injury.

■ The Supreme Court has repeatedly made it clear that cases involving a pre-existing physical condition which is aggravated or a pre-existing physical deterioration which is accelerated during the course of work are to be tested by different standards than cases where a healthy employee suddenly develops a physical disability during work. This distinction is reasserted in Milowicki v. Post and Paddock, Inc., supra, where, in distinguishing Gray's Hatchery and Poultry Farms, Inc. v. Stevens, supra, the Supreme Court stated that "usual exertion will suffice to make an injury accidental and compensable if a causally-connected pre-existing physical weakness has not been shown." *Stevens* has been cited without disapproval by the Delaware Supreme Court on a number of occasions. Belber Trunk & Bag Co. v. Menesy, supra; Barone v. McCormick Transportation

Company, supra; General Motors Corporation v. McNemar, supra; Reynolds v. Continental Can Company, supra; Milowicki v. Post & Paddock, Inc., supra. It was been cited with specific approval in *Barone* and *Milowicki*.

The Board held that proof of the time of the accident was lacking.

Employee testified that in late October, 1971, while the assembly line on which he was working was out of synchronization, he felt a "pinching type of thing" in his lower back. The next day he reported to the dispensary and received heat treatment. Shortly thereafter, he developed a heaviness in his left leg. Employer's physician confirmed that employee's first visit to the dispensary for this condition was October 28, 1971. He was first examined by Dr. Joseph Arminio on November 16, 1971.

Employer has admitted that employee first reported his back condition on October 28, 1971. The Board must determine, based upon substantial competent evidence, the nature of employee's condition and whether that condition is traceable to a definite occasion while he was performing his work. Cf. 1A. The Law of Workmen's Compensation, Larson, 525, § 38.20.

██ "Most jurisdictions will regard the time of accident as sufficiently definite if either the cause is reasonable limited in time or the result materializes at an identifiable point." 1A. The Law of Workmen's Compensation, Larson, 622.43, § 39.-10. Thus, where there is no pre-existing condition either a sudden cause or a sudden result, i. e., an obvious and sudden collapse or structural change, will meet the accident requirement. Ibid. pp. 622.58–60, §§ 39.20, 39.30. The causation in the latter type of case may be cumulative and not sudden. Ibid.

Larson points out that in many states where broad statutory coverage exists for occupational disease, the search for conditions satisfying the accident requirement has lost much of its significance and he finds strong justification for this position. Ibid, p. 622.64–5, § 39.50. However, in this State the cases adhere to the proposition that facts satisfying the accident requirement must be present. DeRocili v. Chrysler Corporation, supra; Reynolds v. Continental Can Company, supra. Hence, cases from jurisdictions which do not require the strict adherence to this basic distinction between accident and occupational disease are generally not of assistance on this subject. Delaware applies the distinction. Reynolds v. Continental Can Company, supra; Milowicki v. Post and Paddock, Inc., supra.

██ It is apparent that the Board did not apply the test which was described in *Gray* and was recognized in *Reynolds*. Accordingly, the matter must be remanded to the Board for further proceedings consistent with this Opinion.

It is so ordered.