James U. WILLIS, Plaintiff below, Appellant,

v.

NEW CASTLE COUNTY, Defendant below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 20, 1976.

Decided Nov. 22, 1976.

Paul M. Lukoff of Paul & Lukoff, Wilmington, for plaintiff below, appellant.

Robert W. Ralston, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

■ In this Workmen's Compensation case, the employee appeals from a Superior Court decision affirming the denial of compensation by the Industrial Accident Board. At issue is whether a work-related assault by an employee upon his supervisor constitutes the unusual exertion required to award compensation for a proximately resulting myocardial infarction. We conclude that it does.

I

The employee, James Willis, while in his office at the New Castle County Department of Parks and Recreation and in the company of two other employees, Frank Archangelo and Albert Hitchens, was confronted by another employee, Raymond Elliott, concerning certain job assignments. Mr. Elliott, who had been drinking, used loud, abusive, profane and threatening language to Mr. Willis, creating an atmosphere of imminent physical violence and pushing the seated Mr. Willis on his shoulder. The confrontation culminated with the intervention of Messrs. Hitchens and Archangelo, who removed Mr. Elliott from the office in order to prevent him from carrying out his threats.

After the incident, Mr. Willis experienced shortness of breath and the sensation of something growing inside his chest, which was diagnosed as a myocardial infarction proximately caused by the effect of the incident on a pre-existing condition.

## II

■ Unusual exertion is a prerequisite to compensation in a heart or back case where a pre-existing condition is shown. See *Milowicki v. Post and Paddock, Inc.,* Del.Supr., 260 A.2d 430 (1969). In *Warren v. General Motors Corp.,* Del.Supr., 344 A.2d 248 (1975) it was stated that "The hazard occasioning a compensable occupational claim must not exist either in employment or everyday life." 344 A.2d at 251. Applying these tests to this case, we conclude that there was unusual exertion and that the myocardial infarction was compensable.

\*    \*    \*    \*    \*    \*

Reversed and remanded to the Board with instructions to award compensation.