Joseph BAGLEY, Plaintiff below, Appellant,

v.

PHOENIX STEEL CORPORATION, Defendant below, Appellee.

PHOENIX STEEL CORPORATION, Employer below, Appellant,

v.

Joseph BAGLEY, Claimant below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 15, 1976.

Decided Jan. 19, 1977.

Harvey B. Rubenstein, Wilmington, for Joseph Bagley.

B. Wilson Redfearn, Tybout & Redfearn, Wilmington, for Phoenix Steel Corp.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice.

This appeal involves a claim under the Workmen's Compensation Act for disfigurements of the claimant's right leg and his left foot. Damage to the latter was sustained in a compensable accident. Disfigurement of the right leg resulted from its use as a donor site in a "cross-flap" operation to repair the foot.

A claim under the Act for disfigurement is governed by 19 Del.C. § 2326(f), which provides as follows:

> "The Board shall award proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks, provided that such disfigurement is visible and offensive when the body is clothed normally, which shall be paid to the employee at the rate of 66⅔ percent of his weekly wages. In the event that the nature of the injury causes both disfigurement to and loss or loss of use of the same part of the human body, the maximum compensation payable under this subsection for that part of the body shall be the higher of either (i) the amount of compensation found to be due for disfigurement without regard to compensation for loss of or loss of use, or (ii) the amount of compensation

due for loss of or loss of use plus 20% thereof for disfigurement."

We first consider compensation for injury to the right leg. Loss of use is not claimed, so the inquiry is limited to what is "proper and equitable compensation" for the disfigurement, which is tacitly conceded to be both serious and permanent. The Board awarded "15 weeks" of compensation which the Superior Court affirmed after applying an abuse-of-discretion test.

 There is no testimony to consider in applying the statutory standard. The only evidence is contained in clear photographs of the disfigurement and, upon examination thereof, *Shannon v. General Motors Corporation,* Del.Supr., 2 Storey 524, 161 A.2d 433, 435 (1960), we conclude that the Board's award falls significantly short of proper and equitable compensation under the Statute. In other words, there is not substantial evidence to support the Board's finding and, therefore, it must be set aside. Cf. *Lester C. Newton Trucking Company v. Neal,* Del.Supr., 8 Storey 55, 204 A.2d 393, 394 (1964); compare *Reynolds v. Continental Can Company,* Del. Supr., 240 A.2d 135 (1968). We note also that the Board made no effort to identify the factors which it considered in determining the amount of the award and this Court should not be compelled to speculate as to what they were. *Barnes v. Panaro,* Del.Supr., 238 A.2d 608, 610 (1968).

Turning now to the second issue, it is undisputed that the claimant sustained, in a compensable accident, a 50 per cent permanent impairment to his left foot. This claim, involving both disfigurement and loss of use, is governed by the second sentence of § 2326(f). And as to this claim, the Board concluded:

"While we agree with the claimant that his disfigurement is hideous to view, it would be our decision, if we awarded disfigurement alone to the left foot, not to exceed 96 weeks. Therefore, we feel it is proper to award the claimant a 16 week disfigurement to his left foot which is the maximum allowable when combined with a 50% permanency to the left foot and . . . [16] weeks disfigurement to the right leg."

On appeal, the Superior Court reversed, stating as follows:

"[S]ubsection (f) provides 'the maximum compensation payable under this *subsection,*' not under this *section.* . . . [It therefore] sets a maximum of at least 150 weeks for every claim of disfigurement. The maximum is higher where compensation for loss of use plus 20 per cent thereof is greater than 150 weeks. Since this is not true in the present case, the maximum is 150 weeks, not sixteen weeks, as under the Board's interpretation. . . . [T]herefore [the Court] remand[s] the case for further consideration with respect to appellant's left foot."

We approve this view of the Statute.*

 The 50 per cent agreed disability to the claimant's left foot translates into 80 weeks of compensation at the applicable rate.** The claimant is thus entitled to an award under the second sentence of § 2326(f), determined according to the following formula: (1) the amount determined to be due for disfigurement alone

---

* The employer's reliance on *Taylor v. Hatzel & Buehler,* Del.Supr., 258 A.2d 905 (1969), is misplaced. There the Court was primarily concerned with whether an employer was entitled to credit for what was regarded as an overpayment of compensation resulting from the context in which an award became final. But the critical distinction between *Taylor* and the present case is the governing Statute. Compare § 2326(f), quoted at 258 A.2d 906, with the present Statute.

** 19 Del.C. § 2326(a) provides that for loss of a foot an injured employee is entitled to 66⅔ per cent of wages "during 160 weeks."

must be computed on a scale between 0 and 150 weeks; then, (2) the amount determined to be due must be computed on a scale between 0 and 96 weeks (80 weeks plus 20% x 80 weeks). The larger of the two amounts thus computed will be the award.

\* \* \* \* \* \*

Reversed and remanded for proceedings consistent herewith.