John CANNON, Plaintiff Below, Appellant,

v.

CONTAINER CORPORATION OF AMERICA, a corporation of the State of Delaware, Defendant Below, Appellee.

Supreme Court of Delaware.

Sept. 9, 1971.

615

Oliver V. Suddard, Wilmington, for plaintiff below, appellant.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Bituminous Casualty Co.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this action by a workman against a third party tort feasor, arising from an industrial accident, we are required to review the Superior Court's apportionment of the recovery as between the employee and the employer's compensation carrier.

The plaintiff employee, John Cannon, was injured by accident in the course of his employment by Wilmington Waste and Materials, Inc. Workmen's compensation benefits were paid by Bituminous Casualty Company (hereinafter "Bituminous"), carrier for the employer. Cannon had a potential claim arising from the accident against a third party, Container Corporation of America (hereinafter "Container"), defendant herein. The two-year limitation period on that claim was about to expire when the attorney for Bituminous filed a complaint against Container, naming Cannon as plaintiff as is permitted by 19 Del. C. § 2363(a), [1] primarily to protect the po-

1. 19 Del.C. § 2363(a), after preserving a right of action on behalf of the injured employee against a third party legally liable for the injury, provides in pertinent part: "If the injured employee or his dependents or personal representative does not commence such action [against the third party] within 260 days after the

tential right of Bituminous to reimbursement of benefits paid by it. At that time, Cannon was not represented by counsel and had taken no action to enforce his claim against Container. About 18 months later, another lawyer entered his appearance for Cannon in the action against Container. In the interim, Container had appeared and answered, and certain discovery had been completed. Also during the interim and thereafter, the attorney for Bituminous unsuccessfully contested Cannon's right to compensation from Bituminous.

■ Upon the trial of the action against Container, judgment was entered in favor of the plaintiff in the amount of $30,639.-60. As of the trial date, Bituminous had paid to Cannon compensation benefits in the amount of $13,331.13. Cannon was under a total disability rating by the Industrial Accident Board and was being paid weekly benefits indefinitely. Container deposited the amount of the judgment into court. Cannon's petition for distribution of the deposited funds brought up for decision a controversy over apportionment of the attorney fees, in the total amount of $10,251.81, between the two lawyers. The Superior Court held that the pertinent provisions of 19 Del.C. § 2363(e) and (f) [2] are clear and unambiguous and that: "* * * the attorneys' fees must be divided between the attorneys as the interest of the parties appeared at the time of

the recovery. The net recovery after deducting the expenses of recovery including attorneys' fees was $20,057.47. Out of that amount the carrier is entitled to $13,331.12 as reimbursement for past benefits paid and the balance of $6,726.35 should be paid to Cannon and credited against the carrier's future payments to Cannon. The attorneys' fees should be divided on the same basis. * * *." We find no error in this determination.

■ The pertinent provisions of 19 Del.C. § 2363(e) and (f) clearly establish these priorities for the distribution of a recovery from a third party: (1) deduction of the expenses of recovery, including attorneys' fees; (2) reimbursement to the carrier of any past benefits paid to the employee as of the date of the recovery; and (3) distribution of any balance to the employee, to be credited against any future benefits to which the employee may be entitled as the result of the accident involved. The formula thus specified by § 2363(e) and (f) is in accord with the priorities generally prevailing elsewhere. See 2 Larson's Workmen's Compensation, §§ 74.31, 74.32.

The priorities of distribution thus expressly established by § 2363 foreclose Cannon's contention that the carrier is required to bear its share of the expenses of recovery, including its attorneys' fees, out of

occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person."

2. 19 Del.C. § 2363(e) and (f) provides:
"(e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any

amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

"(f) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery."

its separate share of the proceeds. The statutory pattern is clearly otherwise. As stated by Larson:

> "Usually attorney's fees and expenses are deducted both in priority to the employer's lien on the employee's recovery, and before there is any excess for the employee in the employer's recovery. If the sum recovered by the employee is more than enough to pay the attorney's fees and reimburse the carrier, the carrier is reimbursed in full, and, apart from special statutes on sharing attorney's fees, is not required to share the legal expenses involved in obtaining the recovery. In other words, under the usual provision, the legal expenses will diminish the overall sum to which the insurer's claim attaches; but if it is possible to do so within that fund as diminished the insurer is entitled to be reimbursed in full." 2 Larson's Workmen's Compensation Law, § 74.32, p. 226.118.

In opposing this generally accepted policy in the law of workmen's compensation, Cannon points to 19 Del.C. § 2363(b) and (c). [3] Upon those provisions, Cannon bases an argument that since each party in interest has the right to control and settle his own part of the law suit against the third party, the law does not contemplate a sharing, out of such settlement, of the legal fees incurred for the recovery of a co-party. While this argument is supported somewhat by reason and logic and some ambiguity may exist in § 2363 overall in this regard, subsections (b) and (c) as construed by Cannon would conflict with the specific and unambiguous provisions of subsections (e) and (f). In such situation, the implications of (b) and (c) must yield to the explicit provisions of (e) and (f). Moreover, the separate settlement situation contemplated by (b) and (c) is not before us. Detailed rulings upon the workings of (e) and (f) in conjunction with a separate settlement under (b) and (c) must await a proper case raising those issues.

 Finally, in Cannon's position there are overtones of ethical considerations when, as here, a carrier's attorney opposes the employee's claim for compensation and then seeks fees out of the plaintiff's recovery against a third party. We see no ethical problem in such posture when, as here, the attorney for the carrier was active on behalf of the carrier throughout the litigation against the third party. The law is clear that the employer or his carrier are real parties in interest in the joint third party litigation and, as such, are entitled to separate representation. Adversary positions between employee and employer or its carrier over the merits of the compensation claim itself do not create a conflict of interest in the joint action brought for the benefit of both against a third party.

Affirmed.

---

3. 19 Del.C. § 2363(b) and (c) provides:

"(b) Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(c) Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have, and such settlement and release by the employer or its compensation insurance carrier shall not be a bar to action by the employee to proceed against said third party for any interest or claim he may have."