CHICAGO BRIDGE & IRON CO., Defendant below, Appellant,

v.

Howard WALKER, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Jan. 12, 1977.

Decided Feb. 18, 1977.

H. Alfred Tarrant, Jr., and Everett P. Priestley of Cooch & Taylor, Wilmington, for defendant-appellant.

Alfred M. Isaacs and James W. Semple of Flanzer & Isaacs, Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this Workmen's Compensation case the Industrial Accident Board denied plaintiff's petition for compensation and, on appeal, the Superior Court reversed and ordered an award. The issues before us concern the applicable compensation law and the juris-

diction of the Superior Court to order an award under the circumstances of the case.

## I

Briefly, the relevant facts are these: Plaintiff was employed by defendant as a "roll helper," a task requiring moderately heavy labor. In June 1971 he began experiencing pain in his right shoulder; a herniated disc was diagnosed and surgery was performed in August 1971. Prior to these events, plaintiff's physical condition was "normal." In January 1972 he returned to the same work but, in April of that year, he was hospitalized for an abscess at the site of the surgical incision and for a nerve disorder on the right side. Plaintiff was released from the hospital in May and again began roll-helping. Then, in August 1972, he was once more hospitalized; he has not since been employed by defendant.

## II

The litigation before the Board centered on whether plaintiff had sustained a personal injury by "accident" within the meaning of 19 *Del.C.* § 2304.* The Board concluded "that the claimant's work, admittedly heavy, gradually, over a period of time, took its toll on the claimant's health" but denied compensation because plaintiff was unable to identify with specificity the time and place of an injury. Apparently, the Board regarded such proof as a prerequisite to compensability under the Act. The Superior Court reversed that decision and ordered an award. This appeal followed.

## III

■ For purposes of this appeal it is unnecessary to undertake a comprehensive review of all the circumstances in which Delaware compensation law authorizes an award for personal injury, or death, "arising out of and in the course of employment," 19 *Del.C.* § 2304. But for the

Board's guidance, and to place our ruling in the context of the compensation *schema,* it may be helpful to identify four of the principal concepts or legal theories found in the Act or the cases, and which will support an award. Briefly and generally, a claimant is entitled to an award when:

(1) He proves that "the injury happened at a fixed time and place and was attributable to a clearly traceable incident of . . . [his] employment", *Gray's Hatchery & Poultry Farms v. Stevens,* Del.Super., 7 Terry 191, 81 A.2d 322, 324 (1950); *Faline v. Guido and Francis DeAscanis & Sons,* Del.Supr., 192 A.2d 921, 924 (1963);

(2) He proves that "unusual exertion" in the course of his employment aggravated a pre-existing physical weakness, *Milowicki v. Post and Paddock, Inc.,* Del.Supr., 260 A.2d 430, 432 (1969); *Faline v. Guido and Francis DeAscanis & Sons,* supra at 924;

(3) He proves that he sustained a "compensable occupational disease" as defined in § 2301(4), cf. *Air Mod Corporation v. Newton,* Del.Supr., 215 A.2d 434, 441 (1965);

(4) He proves that his work has had a cumulative detrimental effect on his physical condition, *General Motors Corporation v. McNemar,* Del.Supr., 202 A.2d 803, 806 (1964).

■ In this case the Board applied the first test and found the claimant's proof wanting because he did not prove that an injury had occurred at a specific time and place. The Superior Court determined that the Board had not applied the proper legal test to its findings, and we agree with that ruling. In short, the Board properly found that the petitioner did not prove his claim by *Gray's Hatchery* standards, but the Superior Court properly determined that those standards do not apply. Nor, of course, do

---

* The coverage provision of the Act provides, in § 2304.

"Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by the provisions of this chapter respectively to pay and to accept

compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."

the standards of *Milowicki,* nor the occupational disease requirements of § 2301(4). But this does not end the matter. As we have already recorded, the Board found as a fact "that the claimant's work, admittedly heavy, gradually, over a period of time, took its toll on the claimant's health." Clearly, that finding requires testing of plaintiff's claim under the fourth concept noted above.

### IV

A gradual deterioration in a workman's health has been a recognized basis for compensation under Delaware law, at least since 1964 when Chief Justice Terry wrote for this Court in *General Motors Corporation v. McNemar,* supra, wherein he stated:

"If the claimant has successfully shown that his usual duties and work habits contributed to the injury and can show the existence of such contributing factors upon the day in question, the claimant has satisfied his obligation under our Workmen's Compensation statute. See *Gray's Hatchery and Poultry Farms v. Stevens,* 7 Terry 191, 46 Del. 191, 81 A.2d 322 (Del. Superior Court, 1950). As stated by the Supreme Court of Idaho:

'If the claimant be engaged in his ordinary, usual work and the strain of such labor becomes sufficient to overcome the resistance of claimant's body and causes an injury, such injury is compensable.' *Lewis v. Department of Law Enforcement,* 79 Idaho 40, 311 P.2d 976, 978 (1957)."

It is apparent from this rule of law that a claimant proceeding on a gradual deterioration or cumulative detriment-to-health theory must prove two points: (1) that his usual duties and work habits contributed to his condition, and (2) that such contributing factors were present on the day when he alleges that his right to compensation commenced. While the Board's finding as to the claimant's health is related to the first requirement, it did not make any finding as to the second. And as we have already noted, it applied an erroneous rule of law. In the absence of the requisite findings by the Board the Superior Court could not, for the reasons stated hereinafter, supply its own and for that reason the judgment must be reversed.

### V

As to the scope of review, this Court has said that the Superior Court's sole function in considering an appeal from the Board "is to determine whether or not there was substantial competent evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board." *Johnson v. Chrysler Corporation,* Del.Supr., 213 A.2d 64, 66 (1965). The Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions." *Johnson,* id. Of course, the Court may reverse when the Board has made an error of law, see *General Motors Corporation v. Morgan,* Del.Super., 286 A.2d 759, 760 (1971), as it did here, and the Court may apply settled law to clear findings of fact. But, as we have noted, that is not this case. It was error, therefore, for the Court to grant an award of compensation.

Reversed and remanded for further proceedings consistent herewith.