Theressia M. MOORE, Claimant
Below, Appellant,

v.

GENERAL FOODS, Employer
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 28, 1983.

Decided: April 7, 1983.

Philip Eric Herrmann (argued) of Schmittinger & Rodriguez, P.A., Dover, for appellant.

Robert W. Ralston (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

HORSEY, Justice:

Appellant, Theressia Moore (Moore), lost her right thumb in an industrial accident in 1973 while in the employ of General Foods Corporation (General Foods). She received workmen's compensation benefits through General Foods until her reemployment in 1975. Moore initiated a tort action against a third party for the injury but voluntarily concluded the litigation by signing a release with the tortfeasor for $50,000 on April 3, 1979. The release extended to "all damages and injuries, known or unknown, suspected or unsuspected, under federal, state or local law." After payment of fees and costs and reimbursement for the workmen's compensation payments, Moore received approximately $17,000.

As a result of the injury to her right hand, Moore overused her left hand when she returned to work. Within a short period after her return she began experiencing pain in her left hand. Moore consulted her surgeon in 1976 and he told her that she had carpal tunnel syndrome from overuse of the left hand. Although her surgeon recommended surgery, Moore declined his recommendation and pursued conservative treatment. After consulting other physicians in 1978 and 1979, Moore submitted to surgery for the condition in November, 1979.

Moore then petitioned the Industrial Accident Board (the Board) for additional workmen's compensation payments and disfigurement benefits. She claimed that the left hand condition was causally related to the 1973 occupational accident. General Foods contested the claim, arguing that the left hand condition was a separate injury, unrelated to employment. Alternatively, General Foods contended that if a causal relationship were found, it would be entitled to a credit against future workmen's compensation payments in the amount of Moore's net tort recovery.

The Board determined that the left hand condition was causally related to the 1973 accident. However, the Board denied General Foods' claim for the credit, stating that the $50,000 tort recovery for the 1973 injury "did not include any compensation for the subsequent carpal tunnel syndrome in the left hand." General Foods limited its appeal in the Superior Court to the issue of the credit. The Superior Court reversed the Board on that point, holding:

> The Board's reasoning is too narrow. A fair reading of 19 *Del.C.* Sec. 2363 requires the conclusion that once a causal connection is found by the Board, it follows that a settlement involving a primary injury must be considered an advance against any other compensation related to that injury.

The Court remanded the question of the amount of the credit to the Board and Moore appealed to this Court. We affirm the decision of the Superior Court.

\* \* \*

The Workmen's Compensation Act, 19 *Del.C.*, Ch. 23, creates liability in an employer for compensation to a covered employee for an occupational disease or injury. 19 *Del.C.* § 2363(a) provides a right of subrogation in the employer or its insurance carrier for payments made or due under the Act which are in compensation for a third party's tort.[1] The subrogation provision

<hr>

1. 19 Del.C. § 2363(a) provides in part:
   Where the injury for which compensation is payable under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments

prevents a double recovery by the employee for any one industrial injury and permits the employer to recoup its compensation payments. *See Baio v. Commercial Union Insurance Co.*, Del.Supr., 410 A.2d 502, 506 (1979); *Travellers Insurance Co. v. E.I. du Pont de Nemours & Co.*, Del.Supr., 9 A.2d 88, 90–91 (1939); *see also* 2A Larson's Workmen's Compensation Law § 74.00 *et seq.* However, a litigating party has the right to settle a third party action,[2] although that settlement is not a bar to another interested party for claims that it may have.[3]

19 *Del.C.* § 2363(e) provides that a tort recovery in excess of the amount of compensation paid or payable is treated as a credit for future payments:

In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the Workmen's Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

■ The section (e) credit ·has been defined as payment for "future benefits to which the employee may be entitled as a result of the accident involved." *Cannon v. Container Corporation of America,* Del. Supr., 282 A.2d 614, 616 (1971). Since the Board found that the 1973 accident was causally related to the present left hand · condition, the net recovery for the 1973 accident must be subject to the § 2363(e) credit for the present benefits. Thus, the Board's finding mandated the Superior Court's conclusion that the $17,000 net tort recovery must be regarded "as an advance payment by the employer on account of any future payment of compensation benefits." *Cannon v. Container Corporation of America,* 282 A.2d at 611.[4]

■ The Board's finding that the excess damage amount was not subject to the § 2363(e) credit because the settlement "did not include any compensation for the subsequent carpal tunnel syndrome in the left hand" is erroneous as a matter of law and requires reversal. *See Chicago Bridge & Iron Co. v. Walker,* Del.Supr., 372 A.2d 185, 1988 (1977). A finding of specific coverage is not necessary to trigger 19 *Del.C.* § 2363(e). Section 2363 defines only two preconditions to the applicability of the advance payment provision: (1) there must be a third party who is legally liable in tort for the injury or the disease requiring compen-

shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation carrier may, within the period of time for the commencement of such actions prescribed by statute, enforce the liability of such person in the name of that person...."

**2.** 19 *Del.C.* § 2363(b) provides:

Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may set-

tle their claims as their interest shall appear and may execute releases therefor.

**3.** 19 *Del.C.* § 2363(c) provides:

Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have, and such settlement and release by the employer or its compensation insurance carrier shall not be a bar to action by the employee to proceed against said third party for any interest or claim he may have.

**4.** Had claimant's left hand-arm difficulties not been related to the 1973 industrial accident, employer would have been under no liability to make any disability payments to claimant.

sation, § 2363(a); and (2) there must be a recovery as a result of that liability which creates a fund in excess of the paid or currently payable compensation, § 2363(e). When these conditions are met, the excess is treated as an advance payment from the employer for subsequent compensation until the fund is exhausted. *See generally* 2A Larson's Workmen's Compensation Law § 74.31(e).

■ Furthermore, the record itself disproves the Board's factual premise. It shows that Moore knew the etiology of the left hand problem as early as 1976. In light of this fact, only one inference can be drawn as to the intended inclusiveness of the release she negotiated in 1979 for "all damages and injuries, known or unknown, suspected or unsuspected . . . ." That inference is that she should have taken or did take the condition into account in the third party settlement. The fact that the release fails to separately itemize damages for the left hand does not establish that such damages were excluded. The release did not allocate damages to any particular source; rather, its language clearly conveys the intent to cover every damage source in one lump sum.

Therefore, the decision of the Superior Court finding the credit available to General Foods was correct, and the remand for determination of the amount of the credit was appropriate.

\*     \*     \*

Affirmed.