# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LAURIE L. MITCHELL and )
RAY MITCHELL, )
)
          Plaintiffs, )
)
v. )     **C.A. No. N13C-02-224 PRW**
)
EMS, INC., )
a foreign corporation, )
)
          Defendant, )
)

Submitted: May 12, 2014
Decided: July 16, 2014

## MEMORANDUM OPINION & ORDER

*Upon Employers Insurance of Wassau's Motion to Intervene*,
**GRANTED**.

Joseph W. Weik, Esquire, Weik, Nitsche, Dougherty & Galbraith, Wilmington, Delaware, Attorney for Plaintiffs.

Sandra F. Clark, Esquire, Reger Rizzo & Darnall LLP, Wilmington, Delaware, Attorney for Employers Insurance of Wassau.

**WALLACE, J.**

## I.  INTRODUCTION

Plaintiff Laurie L. Mitchell ("Ms. Mitchell") has filed a personal injury claim against EMS, Inc. ("EMS"), her employer's janitorial service supplier, for an incident that occurred at her workplace.  Ms. Mitchell previously obtained workers' compensation payments from her employer's insurance company, Employers Insurance of Wausau ("Employers Insurance") for that same incident.[1] Employers Insurance has filed a motion to intervene in Ms. Mitchell's personal injury case in an effort to recoup what it has paid out in workers' compensation benefits.[2]  Ms. Mitchell opposes that motion.[3]  For the following reasons, Employers Insurance's Motion to Intervene is **GRANTED**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Ms. Mitchell was allegedly injured after slipping on a wet floor while employed by the Home for Aged Women (a/k/a "Gilpin Hall").  Gilpin Hall employed Defendant EMS to supply janitorial services.  EMS's liability insurance carrier is Ohio Casualty, which is a member of Liberty Mutual Group ("Liberty Mutual").[4]  Gilpin Hall was covered by a workers' compensation insurance policy

---

[1]  *See* Employers Insurance's Mot. to Intervene, ¶ 3.

[2]  *Id.* at ¶ 5.

[3]  *See* Pltfs' Response to Employers Insurance's Mot. to Intervene, Ex. G.

[4]  *Id.*

issued by Employers Insurance, which paid and continues to pay Ms. Mitchell's claim.[5] Employers Insurance and Liberty Mutual are also affiliated.[6]

Ms. Mitchell filed a personal injury action against EMS, upon which Employers Insurance wishes to exercise subrogation right. Delaware law, 19 *Del. C.* § 2363,[7] permits an employer or insurance company that has paid benefits resulting from a worker's compensation claim to become subrogated to that worker's claim against the party who caused the injury, and to be reimbursed for the amount that it has paid to the worker. But given the relationship of the insurers here as co-affiliates/co-members of Liberty Mutual, Ms. Mitchell objects to Employers Insurance's request to intervene in her personal injury action so as to exercise this statutory right.

## III. EMPLOYERS INSURANCE MAY INTERVENE TO SECURE ITS STATORY RIGHT

In Delaware, an employee who is injured by a third party, during the course of her employment, is permitted to recover workers' compensation benefits from

---

[5] *See* Employers Insurance's Mot. to Intervene, ¶ 3 (Pursuant to the policy, Employers Insurance has paid more than $300,000, and continues to pay Ms. Mitchell's benefits to this day).

[6] Ms. Mitchell also previously raised the issue of whether Employers Insurance should even be allowed to subrogate, given that Liberty Mutual was the company listed on her workers' compensation checks. That issue was addressed at oral argument and is no longer before the Court.

[7] DEL. CODE ANN. tit. 19, § 2363 (2014).

her employer.[8] An employer's insurance carrier who has paid such workers' compensation benefits subrogates to a subsequent cause of action that the injured employee brings against any tort-liable party, and does so to the amount of the workers' compensation paid to the employee.[9] Under 19 *Del. C.* § 2363, a workers' compensation insurance carrier is permitted to join in the employee's personal injury action against the liable party in order to assert its lien.[10]

Here, Liberty Mutual is both Gilpin Hall's workers' compensation insurance carrier and has paid, through Employers Insurance, those benefits to Ms. Mitchell, and it is EMS's personal injury liability insurance provider and may have to pay a claim if EMS is found liable. Our Supreme Court made clear, in *Baio v. Commercial Union Ins. Co.*, that an insurance company does not forfeit its statutory right of subrogation merely because it may stand on both sides of a dispute.[11] Rather, the subrogation right of repayment is governed by equitable principles, and can be forfeited through inequitable action.[12]

---

[8] *Duphily v. Delaware Elec. Coop., Inc.*, 662 A.2d 821, 834 (Del. 1995).

[9] *Id.*

[10] *See* DEL. CODE ANN. tit 19, § 2363(e) (2004) (any recovery by an employee "shall first reimburse the employer or its work[ers'] compensation carrier for any amount paid or payable under the Workmen's Compensation Act . . . ."). *See also Cannon v. Container Corp. of America*, 282 A.2d 614, 617 (Del. 1971) ("The law is clear that the employer or his carrier are real parties in interest in the joint third party litigation and, as such, are entitled to separate representation."), *overruled on other grounds by Keeler v. Harford Mut. Ins. Co.*, 672 A.2d 1012, 1013 (Del. 1996).

[11] 410 A.2d 502, 506-08 (Del. 1979).

Employers Insurance, through its parent company Liberty Mutual, has paid all of Ms. Mitchell's workers' compensation benefits. Employers Insurance processed her claim and arranged for its payment, and therefore has grounds for its claim to exercise its subrogation right to Ms. Mitchell's personal injury action. Liberty Mutual does have an interest on both sides of this suit. It supplied and still supplies both workers' compensation coverage to Ms. Mitchell's employer (and, in turn, the payments to Ms. Mitchell just mentioned), and personal injury liability insurance to that employer's supplier, the alleged tortfeasor and named defendant in this suit. That status alone is not enough to deny the statutory right to intervene; this "conflict" must also be accompanied by evidence of inequitable conduct in order to prevent Liberty Mutual from subrogating through Employers Insurance here.

No such inequitable conduct is present, nor even alleged. Unrealized fears of future harm are not a substitute for the demonstration of inequity required to supersede Employers Insurance's statutory right of subrogation.[13] The measures that Employers Insurance has assured the Court have been put in place here to

---

[12]  *Id.* (failing to aid or actively hindering an employee's efforts to recover on a claim can reach such a level of inequity so as to waive subrogation rights).

[13]  *Counts v. General Motors Corp.*, 1988 WL 32066, at *2 (Del. Super. Ct. Mar. 25, 1988).

segregate the representation of Liberty Mutual's several interests appear adequate to prevent any harm to Ms. Mitchell's claims should it intervene.[14]

Employers Insurance's motion to intervene is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary
cc:    Counsel via File & Serve

---

[14]    *See Baio*, 410 A.2d at 508 (describing the opponent-protective measures an insurance company may have to engage in such circumstances).