# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIM JOHNSON, | ) | |
| | ) | |
| Employee-Appellant, | ) | |
| | ) | C.A. No. N19A-12-010 ALR |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Employer-Appellee. | ) | |

Submitted: October 15, 2020
Decided: December 31, 2020

*On Appeal from the Industrial Accident Board*
**AFFIRMED**

**<u>MEMORANDUM OPINION</u>**

Matthew M. Bartkowski, Esquire, Bifferato Gentilotti, LLC, Attorney for Employee-Appellant

John J. Klusman, Jr., Esquire, Jocelyn N. Pugh, Esquire, Tybout, Redfearn & Pell, Attorneys for Employer-Appellee

**Rocanelli, J.**

This matter is before the Court on an appeal from a decision of the Industrial Accident Board (the "Board") concerning the proper calculation for reimbursement of a worker's compensation lien after a third party tort suit is resolved. In this case, the lien amount was greater than the amount recovered from the third party. For the reasons stated herein, this Court concludes that the Board correctly ruled that the worker's compensation lien should be reduced by the entire amount of the recovery, including the full expenses paid in attorneys' fees and costs to achieve the recovery of policy limits.

## **Background**

Kim Johnson ("Johnson") was employed by the State of Delaware as a DART bus driver. Johnson was injured when another driver struck the bus Johnson was driving. Consistent with the worker's compensation no-fault scheme, Johnson received worker's compensation for her work-related injury. The total amount she received in worker's compensation was $109,923.37. Johnson pursued a tort claim against the driver who was responsible for the accident that resulted in Johnson's injuries. That lawsuit was settled for the other driver's policy limits of $100,000.00. The attorneys' fees and costs totaled $40,045.52 to achieve the recovery of policy limits from the other driver.

1

## Board Decision

The Board concluded that the employer and its worker's compensation carrier[1] are responsible for the entirety of fees and costs of $40,045.52 to achieve the recovery; that Employer should receive balance of the recovery in the amount of $59,954.48; and that Employer's worker's compensation lien is thereby reduced by $100,000.00 for a remaining lien balance of $9,923.27.[2] According to the Board, this apportionment is mandated by the statute,[3] consistent with case law,[4] and is an equitable result.[5]

## Standard of Review

This matter involves a legal determination by the Board. In considering an appeal from a Board decision, this Court reviews the Board's legal determinations *de novo*, which "requires the Court to determine whether the Board erred in formulating or applying legal principles."[6]

---

[1] The State of Delaware and its worker's compensation carrier are referenced hereinafter as "Employer."

[2] *Johnson v. State*, No. 1465010 (Del. I.A.B. Dec. 23, 2019).

[3] Reimbursement of a workers' compensation lien from a third party settlement recovery is addressed in 19 *Del. C.* 2363(e). Apportionment of the expenses of recovery is addressed in 19 *Del. C.* 2363(f).

[4] *Keeler v. Hartford Mut. Ins. Co.*, 672 A.2d 1012 (1996) is the controlling decision.

[5] The Delaware Supreme Court consistently emphasizes that the calculation of recovery of a worker's compensation lien and apportionment of recovery expenses must be equitable. *See id.* at 1016.

[6] *Estate of Fawcett v. Verizon Del. Inc.*, 2007 WL 2142849, at *5 (Del. Super. July 25, 2007); *see Hudson v. State Farm*, 569 A.2d 1168, 1170 (Del. 1990).

2

**Discussion**

The Board correctly applies the priority of recovery for reimbursement of a worker's compensation lien from third party recovery,[7] as well as the calculation of apportionment of the reasonable expenditures.[8] The goal of the worker's compensation statute is to provide a no-fault scheme for prompt payment of medical expenses and lost wages associated with work-related injuries.[9] The statute provides

---

[7] Pursuant to 19 *Del. C.* § 2363(e):

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or the employee's dependents or personal representative would be entitled to recover in an action in tort. *Any recover against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer* or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or the employee's dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits, . . . reimbursement shall be had only from the third party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved.

19 *Del. C.* § 2363(e) (emphasis added).

[8] Pursuant to 19 *Del C.* § 2363(f):

> Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery.

19 *Del C.* § 2363(f).

[9] *Moss Rehab v. White*, 692 A.2d 902, 909 n.12 (Del. 1997).

that the employer has an automatic lien against any third party recovery.[10] Because an employer is required to pay benefits for work-related injuries even when the employer is not at fault for those injuries, the worker's compensation statute provides that recovery can be sought from a third party when the third party is actually at fault for the work-related injury.[11] Either the injured worker can pursue recovery from a third party or, if the injured worker does not do so within a specified period of time,[12] then the employer may file suit on behalf of the injured worker to recover its lien.[13] Regardless of whether the employer or the injured worker initiates claims against the third party, the statute prohibits double recovery by the injured worker,[14] mandates how any recovery is divided[15] and also directs how expenses are apportioned.[16]

According to the worker's compensation statute, first, from the amount recovered from a third party, attorneys' fees and costs are deducted. Second, the

---

[10] *See* 19 *Del C.* § 2363.

[11] 19 *Del C.* § 2363(a).

[12] Requiring the employee (or the employee's dependents or their personal representative) to commence an action within 120 days after the occurrence of the personal injury. 19 *Del C.* § 2363(a).

[13] 19 *Del C.* § 2363(a).

[14] *See Bell Atl.-Del., Inc. v. Saporito*, 875 A.2d 620, 624 (Del. 2005) ("[D]ouble recovery is not only an inequitable result, it contravenes both the text of and policy behind Delaware's insurance and labor statutes."); *see also* 19 *Del C.* § 2363.

[15] 19 *Del C.* § 2363(e).

[16] 19 *Del C.* § 2363(f).

worker's compensation lien is paid in full. The third calculation is apportionment of financial responsibility for the reasonable expenditures of recovery.

Where, as here, the total lien ($109,923.37) is in excess of the amount recovered ($100,000.00), the entirety of the reasonable expenditures ($40,045.52) are charged against Employer's lien. Employer's lien is reduced by the full amount of third-party recovery including the cost of that recovery. Proportionately, Employer is responsible for the entire cost of reasonable expenditures because Employer received the entire benefit of the policy limits. Employer's lien is not reduced only by the amount Employer actually receives. By "charging" Employer's lien for the full amount of reasonable expenditures, Johnson does not bear any of the costs of litigation. This is fair because Johnson has not achieved any recovery from the third party, which is the required result because an injured worker is prohibited from double recovery.

This result is consistent with the controlling decisional law. In *Keeler v Harford Mutual Insurance Co.*,[17] an injured employee received workers' compensation benefits and subsequently filed a third-party action. The employee recovered a judgment against the third party. A dispute arose concerning whether the workers' compensation carrier was entitled to reimbursement for amounts it paid to the injured employee *without* sharing in the costs of the litigation. Overruling a

---

[17] 672 A.2d 1012 (1996).

previous decision,[18] the *Keeler* Court held that "the language of 19 *Del. C.* § 2363 requires that the insurance carrier pay a share of the costs of litigation proportionate to the amount of its recovery."[19] The Court explained that "not requiring workers' compensation carriers to bear part of the cost of third party tort litigation where recovery results in reimbursement of benefits is inequitable and contrary to the language of the statute."[20] Thus, the workers' compensation carrier was required to share in the cost of the litigation, and the carrier's reimbursement amount was net of counsel fees.

The Board's conclusion here is consistent with the holding in *Keeler*. By reducing Employer's lien by the full amount of the $100,000.00 recovered, Employer effectively paid for *all the expenses of recovery* of Employer's lien. On the other hand, if Employer's lien was reduced only by the amount actually paid out to Employer ($59,954.48), then Johnson, the injured worker, effectively would have assumed the cost of the third-party litigation. Such a result would be contrary to statute and controlling decisional law, as well as inequitable. Accordingly, the

---

[18] In *Keeler*, the Delaware Supreme Court overruled *Cannon v. Container Corp. of Am.*, 282 A.2d 614 (Del. 1971), which "failed to give any significance to the language in § 2363(e) and (f) which requires apportionment of costs between insurer and employee." *Keeler*, 672 A.2d at 1017.

[19] *Keeler*, 672 A.2d at 1013.

[20] *Id.* at 1014. Reading Section 2363(e) and (f) together indicates that the insurer is to be reimbursed "after deducting expenses of recovery." *Id.* at 1016; *see* 19 *Del. C.* § 2363.

Board correctly assigned the priority of recovery and properly calculated apportionment of the reasonable expenditures to achieve recovery from the third party.

### Conclusion

The Board correctly concluded that Employer's worker's compensation lien should be reduced by the entire amount of the recovery, including the reasonable expenses of recovery, leaving Employer with an outstanding worker's compensation lien of $9,923.27. Furthermore, the Board properly declined to assign any financial responsibility for the third-party litigation to the injured worker. Finally, the injured worker did not receive double recovery. Therefore, for the reasons stated herein, the well-reasoned decision of the Industrial Accident Board is affirmed because the Board properly applied the correct legal principles.

**NOW, THEREFORE, this 31st day of December, 2020, the decision of the Industrial Accident Board is AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

7